TSUGAWA BIEHL LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY
Christopher J. Muzzi (6939)
Bishop Place
1132 Bishop Street, Suite 2400
Honolulu, HI 96813
Telephone: (808) 531-0490
Facsimile (808) 534-0202
Email: cmuzzi@hilaw.us

Proposed Counsel to the Debtor
and Debtor in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>RAE ENTERTAINMENT GROUP LLC<br><br>          Debtor. | Case No. 16-00035<br>(Chapter 11 Case) |

## RAE ENTERTAINMENT GROUP LLC'S MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE

Debtor RAE ENTERTAINMENT GROUP LLC ("**Debtor**"), by and through its attorneys, Tsugawa Biehl Lau & Muzzi LLLC, hereby moves this Court, pursuant to § 1112(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for entry of an order (the "Order") converting this case

from chapter 11 of the Bankruptcy Code to chapter 7 of the Bankruptcy Code.  In support thereof, the Debtor respectfully represents as follows:

## Preliminary Statement

1.      The Debtor's primary asset is its lease with the Hilton Hawaiian Village ("Hilton") of commercial space consisting of 7,002 square feet of showroom and bar and 2,078 square feet of appurtenant space, including a lanai and lanai bar (the "Property") located at the Tapa Tower of the Hilton Hawaiian Village.  Debtor believes that its lease rent is significantly below market.

2.      Prior to its bankruptcy, Debtor spent over $4,000,000 building out the Property for its opening in late 2014.

3.      The Property is a first class entertainment facility at a first class location in Waikiki.

4.      The Debtor believes that the Property is worth at least $465,000.

5.      While the Debtor was in talks with several interested parties that have a successful record of business in Hawaii, the Debtor believes that such parties, while still interested, are holding out to see the best deal they can obtain from a trustee.

2

6. Debtor's estate has almost no cash, but in addition to the Lease, Debtor has various personal property, including point of sale equipment, furniture, and bar, stage, lighting and sound equipment located on the Property, that can be liquidated by a Chapter 7 Trustee.

## Jurisdiction

7. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

8. The statutory predicate for the relief requested herein are Bankruptcy Code §1112(a) and Bankruptcy Rules 1017(f) and 9013.

## Relief Requested

9. The Debtor respectfully requests that the Court enter an order pursuant to Bankruptcy Code § 1112(a) converting this case to a case under chapter 7 of the Bankruptcy case.

## Basis for Relief

10. Section 1112(a) of the Bankruptcy Code governs the voluntary conversion from chapter 11 to chapter 7. Section 1112(a) provides that a debtor may convert a chapter 11 case to a case under chapter 7 at any time as of right. Specifically, §1112(a) states:

3

U.S. Bankruptcy Court - Hawaii  #16-00035  Dkt # 31  Filed  04/04/16  Page 3 of 5

The debtor may convert a case under this chapter to one under chapter 7 of this title unless –

    (1)    The debtor is not a debtor in possession;

    (2)    The case originally was commenced as an involuntary case under this chapter; or

    (3)    The case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a).

11.    Section 1112(a) therefore, gives a chapter 11 debtor the right to convert to chapter 7 unless one of the enumerated exceptions in § 1112(a)(1)-(3) is applicable. See, e.g., 7 Collier on Bankruptcy ¶1112.02 (Section 1112(a) appears to give the debtor an absolute right to convert a chapter 11 case to a case under chapter 7, provided that three limited exceptions do not apply.). In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987)(stating that § 1112(a) "gives a debtor in possession an absolute right to convert, unless the case is governed by one of the enumerated exceptions")..

12.    In the Debtor's case, none of the enumerated exceptions to Bankruptcy Code § 1112(a) apply: (1) the Debtor is a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code; (2) this case was commenced by the filing of voluntary chapter 11 petition; and (3) this case was not converted to chapter 11 from another Chapter of the Bankruptcy

4

50131/1/86627

Code. Thus, the Debtor is entitled, as a matter of right, to convert this case to case under chapter 7 of the Bankruptcy Code.

13. In addition to the legal right to convert these cases to chapter 7, the Debtor believes that converting this case to chapter 7 is in the best interest of its estate and creditors. The Debtor continues to incur administrative expenses in this chapter 11 case and have no cash. Accordingly, the Debtor respectfully requests that the Court enter an order converting this case from chapter 11 to chapter 7.

WHEREFORE, the Debtor respectfully requests that the Court enter an order converting this case from chapter 11 to chapter 7 of the Bankruptcy Code and grant the Debtor such additional relief as necessary and appropriate.

Dated: Honolulu, Hawaii, <u>April 4, 2016.</u>

/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Attorney for Debtor
RAE ENTERTAINMENT GROUP LLC

50131/1/86627